IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN TIMOTHY JENSEN,<br><br>     Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br><br><br><br>Civil Case No. 2:05-CV-925 TS<br>Criminal Case No. 2:03-CR-87 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Federal Sentence, pursuant to 28 U.S.C. § 2255. Petitioner is proceeding *pro se* in this matter. The Court, having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, will deny Petitioner's § 2255 Motion, as set forth more fully below.

BACKGROUND

On February 5, 2003, Steven Timothy Jensen ("Petitioner") was charged in a three-count Indictment.[1] Count I alleged an attempt to manufacture methamphetamine in violation of 21

---

[1]Case No. 2:03-CR-87 TS, Docket No. 10.

U.S.C. § 841(a)(1) and 21 U.S.C. § 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(A). Count II alleged the possession of two firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and punishable pursuant to 18 U.S.C. § 924(c)(1)(A)(I). Count III alleged the possession of two firearms by an unlawful user of or addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3) and punishable pursuant to 18 U.S.C. § 924(a)(1).

Petitioner appeared before the Court for a change of plea hearing on April 23, 2003. At this hearing, as a result of inaccurate information provided by the government, Petitioner was informed that the maximum possible penalty for Count I was ten years of imprisonment.[2] Petitioner agreed to plead guilty to Counts I and II of the Indictment. In exchange, the government agreed to dismiss Count III of the Indictment, grant a three-level reduction for acceptance of responsibility, and agree to a low-end sentence. The Statement in Advance of Plea also contained an appeal waiver.[3]

A presentence report was then prepared. The presentence report noted that the maximum term of imprisonment for Count I was life, with a mandatory minimum 10-year sentence of imprisonment, and that this information conflicted with the information contained in the Statement in Advance of Plea.

This matter then came before the Court on January 8, 2004. At this hearing, the Court granted the request of the government to vacate the plea agreement and set a change of plea hearing for January 15, 2004. At this hearing, Defendant agreed to plead guilty to Counts I and

---

[2]Case No. 2:03-CR-87 TS, Docket No. 21, at 1.

[3]*Id*. at 3.

II contained in the Superseding Felony Information.[4]  In exchange the government agreed to dismiss the Indictment, recommend a three-step reduction for acceptance of responsibility, and ask the Court to sentence the Defendant at the low end of the guideline range.  The Statement in Advance of Plea also contained an appeal waiver.[5]

A new presentence report was compiled.  The total offense level was determined to be a 31, and Petitioner fell into a criminal history category of III.  The guideline range for Count I was 135 to 168 months.  Petitioner was ultimately sentenced at a low end sentence of 135 months for Count I and 60 months under Count II, to run consecutively.  On February 2, 2004, Judgment was entered.[6]

Petitioner pursued direct appeal.  On August 2, 2004, the Tenth Circuit Court of Appeals dismissed Petitioner's appeal as a result of the appeal waiver contained in the Statement in Advance of Plea.  On November 7, 2005, Petitioner filed the instant Motion under 28 U.S.C. § 2255.

## DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[7]  Section 2255 states:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;

---

[4]Case No. 2:03-CR-87 TS, Docket No. 41.

[5]Case No. 2:03-CR-87 TS, Docket No. 43, at 3.

[6]Case No. 2:03-CR-87 TS, Docket No. 45.

[7]*See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2255(1), Petitioner's conviction became final when the Tenth Circuit dismissed his appeal—August 2, 2004. Petitioner did not file this Petition until November 7, 2005—more than one year after his conviction became final. Even taking into account the time in which Petitioner could have sought a Writ of Certiorari from the Supreme Court, the Petition is still untimely. The Petitioner has offered no reasons why the Petition was untimely filed and the Court can find none. Even if the Petition was timely filed, the Court would find that Petitioner's claims are barred by the appeal waiver contained in the Statement in Advance of Plea.[8]

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:05-CV-925 TS) is DENIED for the reasons set forth above. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

---

[8] Case No. 2:03-CR-87 TS, Docket No. 21, at 3 (expressly waiving right to collateral appeal, including motions brought pursuant to § 2255).

The Clerk of Court is directed to close Case No. 2:05-CV-925 TS forthwith.

SO ORDERED.

DATED this 7th day of August, 2007.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge